Albert A. Ciardi, III, Esquire
Thomas D. Bielli, Esquire
Holly E. Smith, Esquire
CIARDI CIARDI & ASTIN
One Commerce Square, Suite 1930
2005 Market Street
Philadelphia, PA  19103
(215) 557-3550
Proposed Attorneys for the Debtor

**UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: | : |
| | : CHAPTER 11 |
| WJO, INC. | : |
| | : BANKRUPTCY NO. 10-19894 |
| DEBTOR | : |
| | : |

**DEBTOR'S MOTION TO PERMIT: A) USE OF CASH COLLATERAL;
B) PROVIDE ADEQUATE PROTECTION TO PARTIES WITH INTEREST IN
CASH COLLATERAL; AND C) FOR REQUEST FOR EXPEDITED HEARING,
REDUCED NOTICE PERIOD AND LIMITED NOTICE PURSUANT TO FEDERAL
RULE OF BANKRUPTCY PROCEDURE 9006(c)(1) AND E.D. Pa. L.B.R. 5070(f)**

WJO, Inc. ("Debtor") by and through its counsel, Ciardi Ciardi & Astin, hereby requests A) Use of Cash Collateral; B) Provide Adequate Protection to Parties with Interest in Cash Collateral; and C) for Expedited Hearing thereon and Reduced Notice and in support thereof respectfully represents:

1. A Voluntary Petition under Chapter 11 of Title 11 of the United States Bankruptcy Code ("Code") was filed by the Debtor on November 15, 2010 (Filing Date").

2. This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157 and 1334.  Consideration of this motion is a core proceeding pursuant to 28 U.S.C. §157(b).  Venue of this case is proper in this district pursuant to 28 U.S.C. §§1408 and 1409.

1

3. Prior to the Filing Date, and to allow the Debtor effectively restructure, HyperOx, Inc., HyperOx I, LP, HyperOx III, LP, and East Coast TMR, Inc. (collectively, the "Affiliates") were merged into the Debtor (the "Merger").

4. As a result of the Merger, the Debtor possesses all equipment, revenue producing elements, and obligations of the Debtor and Affiliates.

5. The Debtor operates six family practices located in Newtown, Bristol, Bensalem, Bustleton, South Philadelphia, and Bethlehem, Pennsylvania and consists of Board Certified Osteopathic Physicians specializing in Family Medicine.

6. Tristate Capital Bank ("Tristate") holds a lien against the accounts, chattel paper, documents, instruments, inventory, general intangibles, equipment, fixtures, deposit accounts, goods, letter of credit rights, supporting obligations, investment property, and commercial tort claims (collectively, the "Property") of the Debtor in the amount of $4,000,000.00.

## REQUEST FOR CASH COLLATERAL

5. The Debtor requests the use of cash collateral, to allow it to continue its practice and operations, as set forth in the Budget, attached hereto as Exhibit "A."

6. The Debtor proposes to provide adequate protection in the form of a replacement lien to the extent Tristate has liens pre-petition which are not subject to challenge and in the same extent, priority and validity as existed pre-petition.

7. The continued use of cash collateral will allow the Debtor to continue operating and continue with this reorganization by proposing a plan to restructure the existing debt to satisfy the creditors. In the meantime, Debtor believes the interest of Tristate is adequately protected because Debtor's Budget proposes to pay Tristate each month, when due, from its operations.

8.  Approval of the Debtor's request to use cash collateral is in the best interest of the Debtor and creditors of the estate.

9.  In order to maintain the Debtor's operation, Debtor requires the use of cash collateral for the payment of expenses as more specifically set forth in Budget. Through the payment of the within referenced expenses the Debtor will be able, not only to maintain the status quo, but also to facilitate its reorganization and enhance the collateral.

10.  Unless the Debtor can continue to operate, it will be unable to reorganize and enhance the collateral to the detriment of its creditors.

### **REQUEST FOR EXPEDITED CONSIDERATION**

11.  As of the filing of this Motion, no trustee, examiner or creditor's committee has been appointed in this Chapter 11 case. Notice of this Motion will be given via electronic mail to the United States Trustee, Tristate, and all Rule 2002 parties. The Debtor submits that no other notice need be given in light of the exigencies of the circumstances and the irreparable harm to the Debtor, its estate and all parties in interest that would ensue if the relief requested herein is not granted.

12.  No previous request for the relief sought herein has been made to this or any other Court.

13.  Prior to filing this Motion, counsel for the Debtor contacted Frederic J. Baker from the Office of the United States Trustee and counsel to Tristate to advise them of the request for an expedited hearing and the relief requested therein. United States Trustee and Tristate have no objection to an expedited hearing on this Motion.

WHEREFORE, the Debtor requests that this Court enter an Order in the form attached hereto and for such other and further relief as this Court deems just.

                                                                                                         Respectfully submitted,

                                                                                                          CIARDI CIARDI & ASTIN

Date: November 15, 2010                                     By:    /S/ Holly E. Smith
                                                                                                          Albert A. Ciardi, III , Esquire
                                                                                                          Thomas D. Bielli, Esquire
                                                                                                         Holly E. Smith, Esquire
                                                                                                          One Commerce Square, Suite 1930
                                                                                                          2005 Market Street
                                                                                                          Philadelphia, PA 19103