**UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: | : |
| | : **CHAPTER 11** |
| **WJO, INC.** | : |
| | : **BANKRUPTCY NO. 10-19894** |
| **DEBTOR** | : |
| | : |

**DEBTOR'S MOTION FOR ESTABLISHMENT OF PROCEDURES FOR
INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES
FOR DEBTOR'S PROFESSIONALS**

WJO, Inc., Debtor and Debtor in possession in the above-referenced case (the "Debtor")

files this motion pursuant to sections 105(a) and 331 of title 11 of the United States Code, 11

U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), Rule 2016(a) of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-3 of the Local Rules of

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Eastern

District of Pennsylvania (the "Local Rules") for establishment of procedures for interim

compensation and reimbursement of expenses for Debtors' professionals (the "Motion"), and

respectfully represent as follows:

<u>**Background**</u>

1.      On November 15, 2010 (the "Petition Date"), the Debtor filed a voluntary petition

for relief under chapter 11 of the Bankruptcy Code.

2.      The Debtor is continuing in possession of its assets and is operating its business as

a Debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.      No, official committee of unsecured creditors, trustee or examiner has been

requested or appointed.

## Jurisdiction

4.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157

and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this

Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

5.      By this Motion, the Debtor seeks entry of an order pursuant to sections 105(a) and

331 of the Bankruptcy Code, Rule 2016(a) of the Bankruptcy Rules, and Rule 2016-3 of the

Local Rules, establishing an orderly, regular process for allowance and payment of compensation

and reimbursement of expenses for the Debtor's professionals whose services are authorized by

this Court and who will be required to file applications for allowance of compensation and

reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code.

## Retention of Professionals

6.      The Debtor has previously retained Ciardi Ciardi & Astin as its bankruptcy

counsel, which retention was approved by this Court, and the Debtor has filed Applications

seeking to retain Gordon Liebman as special counsel and Pond Lehocky Stern Giordano as

special counsel, (collectively the "Professionals"), which are currently pending before this Court

but have not yet been approved.

## Procedures Requested

7.      Pursuant to section 331 of the Bankruptcy Code, all professionals are entitled to

submit applications for interim compensation and reimbursement of expenses every one hundred

twenty (120) days, or more often if the Court permits.  11 U.S.C. § 331.  In addition, section

105(a) of the Bankruptcy Code authorizes the Court to issue any order "that is necessary or

appropriate to carry out the provisions of [the Bankruptcy Code]," thereby codifying the Bankruptcy Court's inherent equitable powers.

8.      The Debtor seeks the establishment of a procedure for compensating and reimbursing its Professionals pursuant to <u>monthly</u> interim applications, thereby enabling the Court and all parties in interest to monitor fees incurred by Professionals more effectively and on a more current basis.

9.      <u>Interim Applications</u>:  Specifically, the Debtor requests that its Professionals be permitted to be compensated for services rendered and reimbursed for expenses incurred pursuant to monthly interim applications in accordance with the following procedures:

a)  No earlier than the 20th day of each calendar month, the Professionals shall file an application (a "Monthly Fee Application") pursuant to section 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 2016-3, for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during the immediately preceding month (the "Compensation Period") and serve a copy of such Monthly Fee Application on: (i) the Debtor, c/o Dr. William J. O'Brien, President, WJO, Inc., 424 Mill Street, Bristol, Pennsylvania 19007; (ii) counsel to the Debtor, 2005 Market Street, Suite 1930, Philadelphia, Pennsylvania, 19103 (Attn: Albert A. Ciardi, III); (iii) the Office of The United States Trustee for the Eastern District of Pennsylvania, 833 Chestnut Street, Suite 500, Philadelphia, Pennsylvania 19107 (Attn: George M. Conway, Esq.); and (iv) counsel to any statutory committee appointed in this case (if so appointed) pursuant to section 1102 of the Bankruptcy Code (collectively, the "Notice Parties").  All Monthly Fee Applications shall comply with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Guidelines established by the Office of the United States Trustee (the "UST Guidelines"). Each Notice Party will have twenty (20) days after service of a Monthly Fee Application to object thereto (the "Objection Deadline").  Upon expiration of the Objection Deadline, Professionals may file a certificate of no objection with the Court after which the Debtor is authorized to pay Professionals an amount (the "Actual Monthly Payment") equal to the lesser of (i) 80 percent (80%) of the fees and 100 percent (100%) of the expenses requested in the Monthly Fee Application (the "Maximum Monthly Payment") and (ii) 80 percent (80%) of the fees and 100 percent (100%) of the expenses not subject to an objection pursuant to subparagraph (b) below.  Professionals' first Monthly Fee Application shall include any partial month preceding the first full month of employment.

b) If any Notice Party objects to a Monthly Fee Application, it must file with the Court and serve on Professionals and each of the Notice Parties a written objection, which must be filed with the Court and received by Professionals and the Notice Parties on or before the Objection Deadline.  Thereafter, the objecting party and Professionals may attempt to resolve the objection on a consensual basis.  If the parties are unable to reach a resolution of the objection within twenty (20) days after service of the objection, Professionals may either: (i) file a response to the objection with the Court, together with a request for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment to be made to Professionals (the "Incremental Amount"); or (ii) forgo payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the objection if requested by the parties.

c) Professionals' first fee application may be a quarterly fee application and may include the period from the Petition Date through December 31, 2010.  Beginning with the period ending March 31, 2011, at three-month intervals or at such other time convenient to the Court, Professionals must file with the Court and serve on the Notice Parties a request (a "Interim Fee Application Request") for interim Court approval and allowance, pursuant to section 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 2016-3, of the compensation and reimbursement of expenses sought in the Monthly Fee Applications filed during such period (the "Interim Fee Period").  The Interim Fee Application Request must include a summary of the Monthly Fee Applications that are the subject of the request and any other information requested by the Court or required by the Local Rules and UST Guidelines.  Professionals must file their Interim Fee Application Request within forty-five (45) days after the end of the Interim Fee Period for which the request seeks allowance of fee and reimbursement of expenses.  Professionals must file their first Interim Fee Application Request on or before May 15, 2011, which shall cover the Interim Fee Period from the January 1, 2011 through and including March 31, 2011.  If Professionals fail to file an Interim Fee Application Request when due, Professionals will be ineligible to receive further interim payments of fees and expenses under the Compensation Procedures until such time as a further Interim Fee Application Request is submitted.

d) The Debtor shall request a hearing on pending Interim Fee Application Requests every three months or at such other intervals as the Court deems appropriate.

e) If allowed by the Court upon hearing of an Interim Fee Application Request, Professionals shall receive payment of all allowed fees (including the 20% holdback) and costs not previously paid pursuant to a Monthly Fee Application.

f) The pendency of an objection to payment of compensation or reimbursement of expenses will not disqualify Professionals the future payment of compensation or reimbursement of expenses.

g) Neither (i) the payment of or the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses under the Compensation Procedures, nor (ii) the filing of or a failure to file an objection will bind any party in interest or the Court with respect to the allowance of interim or final applications for compensation and reimbursement of expenses of Professionals. All fees and expenses paid to all professionals are subject to disgorgement until final allowance by the Court.

10.    The Debtor further requests that (i) only the Notice Parties be required to be served with both the fee applications and the notice of hearing thereon (the "Hearing Notice") and (ii) all other parties who have filed a request for service pursuant to Bankruptcy Rule 2002 be required to be served with only the Hearing Notice.[1]  Such notice should reach the parties most active in these cases and will save the expense of undue duplication and mailing of lengthy fee applications.

11.    The Debtor will include all payments made to professionals in accordance with the compensation procedures in its monthly operating reports, identifying the amount paid to each professional.

12.    All time periods referenced in this Motion will be calculated in accordance with Bankruptcy Rule 9006(a).

13.    The procedures suggested herein will enable the Debtor to monitor closely the costs of administration, maintain a level cash flow, and implement efficient cash management procedures.  Moreover, these procedures will also allow the Court and the key parties in interest to ensure the reasonableness and necessity of the compensation and reimbursement sought pursuant to such procedures.

---

[1]    If any party that has received only a Hearing Notice requests a copy of any of the fee applications, the Debtors will furnish that party with the requested copies at the Debtors' expense.

WHEREFORE, the Debtor respectfully requests entry of an order (i) granting the relief requested herein and (ii) granting the Debtor such other and further relief as the Court deems just and proper.

Respectfully submitted,

CIARDI CIARDI & ASTIN

Date: December 30, 2010               By:   /S/ Holly E. Smith
                                             Albert A. Ciardi, III, Esquire
                                             Thomas D. Bielli, Esquire
                                             Holly E. Smith, Esquire
                                             One Commerce Square, Suite 1930
                                             2005 Market Street
                                             Philadelphia, PA 19103

                                             *Counsel to the Debtor*