IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| WJO, INC., | : | Case No. 10-19894 (JKF) |
| | : | |
| Debtor. | : | |
| | : | |

**OBJECTION OF TRISTATE CAPITAL BANK TO APPLICATION
FOR ORDER PURSUANT TO 11 U.S.C. § 327 AND FEDERAL RULE OF
BANKRUPTCY RULE 2014 OF WJO, INC. TO EMPLOY
POND LEHOCKY STERN GIORDANO AS SPECIAL COUNSEL**

TriState Capital Bank ("Tristate" or "Lender"), by and through its undersigned counsel, hereby files its objection (the "Objection") to the Debtor's Application ("Application") for Order Pursuant to 11 U.S.C. § 327 and Federal Rule of Bankruptcy Procedure 2014 of WJO, Inc. to Employ Pond Lehocky Stern Giordano as Special Counsel [Docket No. 111] and in support thereof avers as follows:

1. A voluntary petition under chapter 11 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") was filed by the Debtor, WJO, Inc. ("Debtor" or "WJO") on November 15, 2010 (the "Petition Date").

2. On December 28, 2010, the Debtor filed the above-referenced Application seeking to employ Pond Lehocky Stern Giordano ("Pond Lehocky") as "special counsel to represent Debtor's interest in *pending* worker's compensation matters." Application at ¶ 2. According to the Affidavit of Samuel E. Pond (the "Affidavit"), filed in conjunction with the Application, Pond Lehocky is being retained to "represent Debtor's interests in the pending worker's compensation matters, including the matter pending against the State Worker's Insurance Fund (the "SWIF Action"). As the Court is well aware, the SWIF Action was commenced by the Debtor pre-petition after it provided various health care services on behalf of

employees of multiple employers in the Commonwealth of Pennsylvania, some of which were to receive workers' compensation coverage from the State Workers Insurance Fund ("SWIF"). The Debtor executed a settlement agreement pre-petition resolving outstanding workers' compensation claims up through the date of mediation. Certain of the SWIF Funds that the Debtor received pursuant to this settlement agreement are being held in escrow pursuant to the Stipulation and Order entered by this Court on December 10, 2010 [Docket No. 80].

3. Tristate, the Debtor's senior secured lender, hereby objects to the Application for, *inter alia*, the reasons set forth herein.

**OBJECTION**

4. First and foremost, there is a paucity of information in the Application with regard to the particular workers compensation matter(s) for which Pond Lehocky is being retained (other than the SWIF Action). Although the Application discloses the terms of Pond Lehocky's compensation with regard to the SWIF Action, there is no disclosure regarding the terms, nature or conditions of the proposed employment with regard to any other pending workers compensation matters—in fact, there is no identification of such matters. Moreover, the Debtor's Schedules and Statement of Financial Affairs do not list any pending workers compensation litigation.[1]

5. The Application is bereft of facts as to whether Pond Lehocky will be handling new workers compensation files for the Debtor, or only handling pending files. There is no disclosure of the proposed compensation structure or that the proposed compensation is reasonable.

---

[1] The revised order [Docket No. 132] provides no additional identification and simply states that Pond Lehocky is to be employed "as special counsel in these worker's compensation proceedings to protect its interest in all matters which may arise or which may be incident to these proceedings . . . ."

Case 10-19894-jkf    Doc 136    Filed 01/05/11    Entered 01/05/11 12:39:00    Desc Main
Document      Page 3 of 4

6. In order to determine whether the employment is appropriate, there must be a more meaningful disclosure as to the proposed role (and compensation structure) of Pond Lehocky as special counsel. It is appropriate for this analysis to be made in connection with an application to employ, as opposed to delaying this analysis until the consideration of any fee applications that may be filed by Pond Lehocky subsequent to employment.

7. Tristate questions the accuracy of paragraph 6 of the Application stating that Pond Lehocky represented the Debtor in legal matters prior to the filing of the bankruptcy case, and "as of the Petition Date, there were no outstanding fees owed by the Debtor for these services." It is clear that Pond Lehocky represented the Debtor in connection with the SWIF Action and negotiated a settlement *pre-petition* that acknowledges that legal counsel for the claimants agree to accept thirty-three percent (33%) of the SWIF settlement." The settlement contemplates that Pond Lehocky would receive a fee of approximately $759,000.[2] There is no disclosure of what portion of those fees, if any, were received by Pond Lehocky prior to the Petition Date nor the basis upon which Pond Lehocky would be entitled to be paid post petition for pre petition services rendered, assuming such is being sought.

8. Moreover there is no disclosure in the Application that Pond Lehocky's predecessor firm, Martin Banks Pond Lehocky & Wilson has a scheduled prepetition unsecured claim against the Debtor's estate in the amount of approximately $27,000.

---

[2] On December 16, 2010, the Debtor filed its Motion to Permit: A) Additional Use of Cash Collateral; B) Provide Adequate Protection to Parties with Interest in Cash Collateral; and C) For Request for Expedited Hearing, Reduced Notice Period and Limited Notice Pursuant to Federal Rule of Bankruptcy Procedure 9006(c)(1) and E.D. Pa. L.B.R. 5070(f) ("Supplemental Cash Collateral Motion") [Docket No. 100]. The Supplemental Cash Collateral Motion seeks (subject to court approval) to use the SWIF Funds to, *inter alia*, compensate Pond Lehocky in the amount of $175,000 (upon application to this Court) in connection with their pre-petition efforts regarding the SWF settlement. Tristate reserves all of its rights to object to such proposed compensation and/or use of the SWIF Funds.

9. Tristate reserves all of its rights to raise other and further objections, and to join in other objections, up to the time of hearing on the Application. Moreover, to the extent that Pond Lehocky is employed, Tristate reserves all of its rights to bring such other and further objections to any fee applications that may be filed by Pond Lehocky, and at this juncture, does not consent to the use of its collateral, or the proceeds thereof, to compensate Pond Lehocky.

Date: January 5, 2010

**BENESCH FRIEDLANDER COPLAN & ARONOFF LLP**

By:  */s/ Jennifer R. Hoover*
Jennifer R. Hoover (PA Bar No. 87910)
1650 Market Street, Suite 3628
Philadelphia, PA  19103
(267) 207-2947 (Telephone)
(267) 207-2949 (Facsimile)

- and -

David M. Neumann, Esquire
BENESCH, FRIEDLANDER, COPLAN
 & ARONOFF LLP
200 Public Square, Suite 2300
Cleveland, OH 44114-2378 US
Telephone:  (216) 363-4500
Facsimile:  (216) 363-4588

*Counsel for Tristate Capital Bank*