UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
:
In re: :
 :
 : Chapter 11
WJO  INC., : Case No. 10-19894-JKF
 :
 :
 :
Debtor. :
_____

**MOTION OF THE UNITED STATES TRUSTEE TO
CONVERT CASE TO CASE UNDER CHAPTER 7 CASE**

In support of her motion to convert the above-captioned case to a case under chapter 7 of the Bankruptcy Code, Roberta A. DeAngelis, United States trustee for Region 3 ("UST"), by and through her counsel, avers:

**INTRODUCTION**

1.	This Court has jurisdiction to hear this motion under 28 U.S.C. § 157.

2.	Under 28 U.S.C. § 586(a)(8), the UST has a duty to "apply promptly" to this Court after finding material grounds for seeking relief under 11 U.S.C. § 1112.  This duty is part of the UST's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts.  *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that UST has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the UST as a "watchdog").

3.	The UST has standing to be heard with regard to this motion under 11 U.S.C. § 307.

1

**GROUNDS/BASIS FOR RELIEF**

4.  11 U.S.C. § 1112(b)(1), as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), provides:

> Except as provided in paragraph (2) of this subsection,[1] subsection (c) of this section,[2] and section 1104(a)(3),[3] on request of a party in interest and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this

---

[1]

11 U.S.C. § 1112(b)(2) states:

> The relief provided in paragraph (1) shall not be granted absent unusual circumstances specifically identified by the court that establish that such relief is not in the best interests of creditors and the estate, if the debtor or another party in interest objects and establishes that –
> - (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and
> - (B) the grounds for granting such relief include an act or omission of the debtor other than under paragraph (4)(A) –
>   - (i) for which there exists a reasonable justification for the act or omission; and
>   - (ii) that will be cured within a reasonable period of time fixed by the court.

[2]

11 U.S.C. § 1112(c) states:

> The court may not convert a case under this chapter to a case under chapter 7 of this title if the debtor is a farmer or a corporation that is not a moneyed, business, or commercial corporation, unless the debtor requests such conversion.

[3]

11 U.S.C. § 1104(a)(3) states:

> (a) At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee –
>
> ***
>
> (3) if grounds exist to convert or dismiss the case under section 1112, but the court determines that the appointment of a trustee is in the best interests of creditors and the estate.

        chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

5.     "Cause" is defined in 11 U.S.C. § 1112(b)(4) as including –

    (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;

    (B) gross mismanagement of the estate;

    (C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;

    (D) unauthorized use of cash collateral substantially harmful to 1 or more creditors;

    (E) failure to comply with an order of the court;

    (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;

    (G) failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor;

    (H) failure timely to provide information or attend meetings reasonably requested by the United States trustee (or the bankruptcy administrator, if any);

    (I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief;

    (J) failure to file a disclosure statement, or to file or confirm a plan within the time fixed by this title or by order of the court;

    (K) failure to pay any fees or charges required under chapter 123 of title 28;

    (L)  revocation of an order of confirmation under section 1144;

    (M) inability to effectuate substantial consummation of a

confirmed plan;

(N) material default by the debtor with respect to a confirmed plan;

(O) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan; and

(P) failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.

6. The BAPCPA expressly makes "failure timely to provide information or attend meetings reasonably requested the United States trustee" grounds for relief under 11 U.S.C. § 1112(b)(4)(H).

7. Under 28 U.S.C. § 586(a)(3), the UST is charged with supervising the administration of Chapter 11 cases.

8. Under 11 U.S.C. § 1106(a)(1), a trustee is obligated to perform the duties specified in section 704(8) of the Bankruptcy Code.

9. Under 11 U.S.C. § 1107, a debtor in possession is obligated to perform the trustee's duties under 11 U.S.C. § 1106(a).

10. 11 U.S.C. § 704(8) mandates that the trustee file periodic operating reports and summaries "and such other information as the United States trustee or the court requires" if the business of the debtor is authorized to be operated.

11. The UST has adopted reporting requirements to carry out her administrative duty under 28 U.S.C. § 586(a)(3) and 11 U.S.C. § 704(8).

12. The reporting requirements mandate that (a) prior to confirmation, the Debtor file monthly operating reports within 20-30 days following the end of each month and (b) after confirmation, that the Debtor file quarterly reports within thirty days following the end of each

calendar quarter.

13. The Debtor filed for relief on November 15, 2010, the Debtor has failed to timely comply with the United States Trustee Operating Guidelines and Reporting Requirements for Chapter 11 cases. The Debtor has not file Monthly Operating Reports since inception. The Debtor's failure to timely file these reports hinders the Court's, the United States Trustee's and the creditors' ability to monitor the operation of the debtor. Moreover, the Monthly Operating Reports are required to be signed under penalty of perjury and the reports filed by the debtor are not signed at all.

14. The Debtor's failure in this regard constitutes an "unexcused failure to satisfy timely any filing or reporting requirement established by [the Bankruptcy Code] or by any rule applicable to a case under [chapter 11]" pursuant to 11 U.S.C. § 1112(b)(4)(F). Accordingly, relief is warranted under 11 U.S.C. § 1112(b)(1).

*Failure to Pay Quarterly Fees*

15. Under 28 U.S.C. § 1930(a)(6), the Debtor is obligated to pay fees based upon "disbursements" made during a calendar quarter to the United States Trustee System Fund. 28 U.S.C. § 1930(a)(6) establishes a funding mechanism for the United States Trustee Program ("the Program"). Under 28 U.S.C. § 1930(a)(6), quarterly fees must be paid in each open chapter 11 case in an amount scaled upon "disbursements" made in the case. The minimum quarterly fee payable per case in any given quarter is $325, and the maximum quarterly fee payable is $30,000.

16. 28 U.S.C. § 1930(a)(6) was intended as a revenue-generating mechanism for the Program, and it applies "to all disbursements made during the entire [chapter 11] process,

including ordinary operating expenses, before or after confirmation, as a type of user tax on those who benefit the most from the program." *Walton v. Jamko, Inc. (In re Jamko, Inc.)*, 240 F.3d 1312, 1316 (11th Cir. 2001) (bracketed text added). Payment of quarterly fees is mandatory in every case, and they must be paid every quarter (or fraction thereof) from the quarter in which the petition is filed until the quarter in which the case is closed pursuant to a final decree. *See Genesis Health Ventures, Inc. v. Stapleton (In re Genesis Health Ventures, Inc.)*, 402 F.3d 416, 421 (3d Cir. 2005); *United States Trustee v. Gryphon at the Stone Mansion, Inc.*, 166 F.3d 552, 554 (3d Cir. 1999). The fee owed in a particular quarter is determined solely by operation of statute – it is not subject to adjustment by the courts. *See, e.g.*, *Jamko,* 240 F.3d at 1314 (noting that calculation of fee is mandated by statute); *Jorgenson v. Schwartz (In re Wilko Machine Co.)*, No. 97-55937, 1997 WL 77963 (9th Cir. Feb. 4, 1997); *Office of the U.S. Trustee v. Hays Builders, Inc. (In re Hays Builders, Inc.)*, 144 B.R. 778, 779 (W.D. Tenn. 1992); *United States Trustee v. Kroy (Europe) Ltd. (In re Kroy (Europe) Ltd.),* Nos. CIV 99-834-PHX-SMM *et al.*, 2000 WL 194311 at *3 (D. Ariz. Jan. 26, 2000) ("...there is no language in section 1930(a)(6) indicating that Congress intended to create an 'inequitable' exception to payment of the fees"); *In re Central Copters, Inc.*, 226 B.R. 447, 451 (Bankr. D. Mont. 1998); *In re Meyer*, 187 B.R. 650, 653 (Bankr. W.D. Mo. 1995).

17.    Debtor owes quarterly fees for the fourth quarter of 2010. However, without operating reports, it is not possible to determine the amount due; although the minium due is $325.00.

## **CONCLUSION**

WHEREFORE the UST requests that this Court issue an order converting the above-captioned case to a case under chapter 7.

> Respectfully submitted,
>
> **ROBERTA A. DeANGELIS**
> **UNITED STATES TRUSTEE**
> **Region 3**
>
> BY: */s/ George M. Conway*
> George M. Conway, Esquire
> Trial Attorney
> 833 Chestnut Street, Suite 500
> Philadelphia, PA 19107
> Tel: 215-597-4411

Date: January 24, 2011