**UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: : | |
| : | CHAPTER 11 |
| WJO, INC. : | |
| : | BANKRUPTCY NO. 10-19894 |
| DEBTOR : | |
| : | |

**DEBTOR'S OBJECTION TO APPLICATION OF OFFICIAL COMMITTEE OF
UNSECURED CREDITORS PURSUANT TO §§ 1103(a) AND 328(a) OF THE
BANKRUPTCY CODE FOR AUTHORITY TO EMPLOY KEIFER & TSAROUHIS,
LLP AS ITS COUNSEL**

Debtor, WJO, Inc. (the "Debtor") by and through its undersigned counsel, Ciardi Ciardi & Astin, hereby files its Objection (the "Objection") to Application of Official Committee of Unsecured Creditors (the "Committee") Pursuant to §§ 1103(a) and 328(a) of the Bankruptcy Code for Authority to Employ Keifer & Tsarouhis, LLP as its Counsel (the "Application") and in support thereof, states as follows:

**BACKGROUND**

1. On November 15, 2010 (the "Filing Date") the Debtor filed a Voluntary Petition for Reorganization under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §101 et seq., with the United States Bankruptcy Court for the Eastern District of Pennsylvania, and has remained in possession of its assets and operates its business as a Debtor-in-Possession.

2. Prior to the Filing Date, and to allow the Debtor effectively restructure, HyperOx, Inc., HyperOx I, LP, HyperOx III, LP, and East Coast TMR, Inc. (collectively, the "Affiliates") were merged into the Debtor (the "Merger").

3. On December 7, 2010, Demetrios Tsarious (the "Declarant") filed a Creditor Request for Notices on behalf of Praxair Distribution Inc. ("Praxair") at Docket Item 69.

4. On that same date, Declarant contacted George Conway from the Office of the United States Trustee and counsel to the Debtor via electronic mail to confirm his representation of Praxair and alleging that Praxair has a claim against the Debtor in the amount of $54,345.78.

5. On December 29, 2010, Declarant, as counsel to Praxair, contacted counsel to the Debtor via electronic mail to inquire to whether the principal of the Debtor will voluntarily appear for an examination under F.R.B.P. 2004.

6. On January 13, 2011, a Notice of Appointment of Creditors' Committee was filed by United States Trustee at Docket Item 147.

7. On or about January 21, 2011, the Committee filed the Application, seeking to Employ Keifer & Tsarouhis, LLP ("Proposed Committee Counsel") as its Counsel.

8. Despite Declarant's representation of Praxair in the above-captioned bankruptcy, and actions taken on behalf of Praxair, Declarant failed to disclose such representation in the Application.

9. The Application states as follows:

Paragraph 20: "To the best of the Committee's knowledge, and based on the attached Demetrios H. Tsarouhis Declaration, Keifer & Tsarouhis, LLP and the attorneys employed by it are disinterested persons who do not hold or represent an interest adverse to the estate ***and do not have any connection with the Debtor, its creditors, or any other party in interest*** . . ." (emphasis added)

10. The Declaration attached to the Application states as follows:

Paragraph 18: "Keifer & Tsarouhis, LLP has conducted a check for conflicts of interest and other conflicts and connections with respect to the Debtor's bankruptcy case. Keifer & Tsarouhis, LLP maintains a database containing the names of current, former and potential clients and other principal parties related to such clients."

Paragraph 19: "I caused these personnel to analyze the conflict database to determine whether Keifer & Tsarouhis, LLP has any connection with the principal parties in interest in the case to the best of our knowledge, using information provided to Keifer & Tsarouhis, LLP by the Debtor."

Paragraph 20: "Based upon this research, in consultation with other Keifer & Tsarouhis, LLP attorneys, *Keifer & Tsarouhis, LLP has not represented nor currently represents any parties in interest in matters related or unrelated to the Debtor or this Chapter 11 case*." (emphasis added)

Paragraph 22: "To the best of my knowledge, and based upon the foregoing efforts and inquiries, *Keifer & Tsarouhis, LLP and the attorneys employed by it are disinterested persons* who do not hold or represent an interest adverse to the estate and, except as set forth above, *do not have any connection with the Debtor, its creditors, or any other party in interest in this case* . . ." (emphasis added)

11.     The Debtor is simply puzzled by such declarations when just one month prior to filing the Application, Declarant had entered his appearance on behalf of another creditor in this bankruptcy case and thereafter acted in the capacity as counsel to such creditor.

12.     The Declarant's representation of another creditor in the bankruptcy case calls into question the disinteredness of Declarant and Proposed Committee Counsel.

13.     The Declarant's failure to disclose the representation of another creditor in the bankruptcy presents concerns for the following reasons:

   a. It creates an appearance of impropriety on the part of the Declarant and Proposed Committee Counsel; and

   b. It casts into doubt the procedures utilized by Declarant and Proposed Committee Counsel when it conducts its conflict checks, raising further doubt as to whether any other conflicts may exist of which the Debtor is not aware.

14.     For the foregoing reasons, the Debtor objects to the Application and the retention of Proposed Committee Counsel.

WHEREFORE, the Debtor respectfully requests that this Honorable Court deny the Application in its entirety and grant any further relief this Court deems appropriate.

Dated: January 31, 2011

Respectfully submitted,

CIARDI CIARDI & ASTIN

*/s/ Holly E. Smith*
Albert A. Ciardi, III, Esquire
Thomas D. Bielli, Esquire
Holly E. Smith, Esquire
One Commerce Square
2005 Market Street, Suite 1930
Philadelphia, PA 19103

Attorneys for the Debtor