UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| IN RE: | : |
| --- | --- |
|  | : CHAPTER 11 |
| WJO, INC. | : |
|  | : BANKRUPTCY NO. 10-19894 |
| DEBTOR | : |
|  | : |

## DEBTOR'S MOTION FOR ORDER EXTENDING THE EXCLUSIVE PERIOD TO FILE A PLAN OF REORGANIZATION AND TO SOLICIT ACCEPTANCES THEREOF

WJO, Inc. (the "Debtor"), by and through its counsel, Ciardi Ciardi & Astin, hereby presents this Motion for an Order Extending the Exclusive Period to File a Plan of Reorganization and Solicit Plan Acceptances (the "Motion"), and in support thereof respectfully represents as follows:

### JURISDICTION AND VENUE

1. On November 15, 2010 (the "Filing Date") the Debtor filed a Voluntary Petition for Reorganization under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §101 et seq., with the United States Bankruptcy Court for the Eastern District of Pennsylvania, and has remained in possession of its assets and operates its business as a Debtor-in-Possession.

2. This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this motion is a core proceeding pursuant to 28 U.S.C. §157(b). Venue of this case is proper in this district pursuant to 28 U.S.C. §§1408 and 1409.

### BACKGROUND

3. Prior to the Filing Date, and to allow the Debtor to effectively restructure, HyperOx, Inc., HyperOx I, LP, HyperOx III, LP, and East Coast TMR, Inc. (collectively, the "Affiliates") were merged into the Debtor (the "Merger").

4. As a result of the Merger, the Debtor now possesses all the assets of the Affiliates.

5. Since the Filing Date, Debtor has been engaged in negotiations with its creditors for a consensual plan of reorganization. Debtor is also formulating a business plan for its post-confirmation business which must include decisions relating to its multiple office locations and leasing partners; Debtor is carefully considering its options for what is best as a going forward entity.

6. In accordance with 11 U.S.C. §1121, the Debtor has the exclusive right for a period of 120 days after the Filing Date to file a Plan of Reorganization (the "Plan") and 180 days after the Filing Date in which it may exclusively solicit acceptances or rejections of the Plan.

7. Debtor's original exclusive right to file a Plan is set to expire on March 15, 2011, and the Debtors' original exclusive right to solicit acceptances or rejections of a Plan is set to expire on May 14, 2011.

### RELIEF REQUESTED

8. The Debtor needs additional time to (a) negotiate a consensual Plan with its creditors and (b) complete its business plan going forward as a reorganized company.

9. Debtor requests that the original exclusive period of time to file a plan be extended for an additional period of six (6) months to September 15, 2011 and to solicit acceptances or rejections of a plan until November 15, 2011.

10. Section 1121 of the Bankruptcy Code provides that the Bankruptcy Judge "may" extend or terminate the exclusivity period for cause. In Re: Geriatrics Nursing Home, Inc., 187 B.R. 128, 132 (Bankr. E.D. Pa. 1995) (citing 11 U.S.C. §1121(d)). If it is the debtor who seeks an extension, the burden is upon the debtor to demonstrate the existence of good cause. In re: Nicolet, Inc., 80 B.R. 733, 741 (Bankr. E.D. Pa. 1987). The circumstances which constitute "good cause" have not been defined narrowly, but the traditional ground is the large

size of the debtor and the concomitant difficulty in formulating a plan of reorganization. Id.

11. The Debtor has met its burden of showing "good cause" to extend the exclusivity period due to the fact that it has actively been engaged in developing a plan for its operations as a reorganized company and has performed its duties as a debtor in a timely manner to date.

12. The Debtor believes that extending the exclusive period to file a plan will further the interests of the Debtor and its estate by enabling the Debtor to continue negotiations with its creditors to achieve a consensual plan as well as continue to refine its plan for business operations post-confirmation.

13. The Debtor believes that if the exclusivity period to solicit is not extended as requested, the Debtor's efforts to reorganize will be compromised.

14. No harm or prejudice will inure to the creditors of the Debtor if the exclusivity period is extended.

15. A substantial benefit will be conferred upon the Debtor if the exclusivity period is extended in that the Debtor will be afforded additional time within which to negotiate and formulate a confirmable Plan.

WHEREFORE, the Debtor requests that this Court enter an Order in the form attached hereto and for such other and further relief as this Court deems just.

Respectfully submitted,

CIARDI CIARDI & ASTIN

Date: February 15, 2011     By:    /S/ Thomas D. Bielli
Albert A. Ciardi, III, Esquire
Thomas D. Bielli, Esquire
Holly E. Smith, Esquire
One Commerce Square, Suite 1930
2005 Market Street
Philadelphia, PA 19103
(215) 557-3550
Counsel to the Debtor